Date Signed:
July 11, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DONALD VAN HOUTEN TOTTEN,<br><br>Debtor. | Case No. 12-00332<br>Chapter 7 |
| MARYANN LANDAUER,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD VAN HOUTEN TOTTEN,<br><br>Defendant. | Adv. Pro. No. 14-90005 |

### DECISION AFTER TRIAL

MaryAnn Landauer commenced this adversary proceeding against her ex-husband, Donald Van Houten Totten. Neither Totten nor his counsel appeared at the scheduled trial on July 7, 2014, so the court entered Totten's default and took the matter under advisement based on Ms. Landauer's written direct testimony and

exhibits.

Ms. Landauer is not an attorney and is representing herself. Her complaint basically asks for six things: (1) denial of Totten's discharge, (2) dismissal of "this fraudulent bankruptcy," (3) bankruptcy fraud charges against Totten, (4) "acknowledgment" and payment or her priority claim; (5) turnover over some or all of Totten's assets, and (6) relief from the automatic stay so she can enforce her judgment against Totten.

I will GRANT Ms. Landauer's request for denial of Totten's discharge. Totten has not rebutted the voluminous evidence submitted by Ms. Landauer of his concealment of assets and false testimony. 11 U.S.C. § 727(a)(2), (4). Further, the court has already denied the discharge in Adv. No. 13-90044.

I will DENY Ms. Landauer's request for dismissal of this case. Although Totten's misconduct might constitute cause to dismiss this case, the interests of all creditors would be better served by allowing the trustee to continue to administer the estate for the benefit of all creditors.

I will DENY Ms. Landauer's request that Totten "be charged with bankruptcy fraud." In our adversarial system of justice, it is for prosecutors and grand juries, not courts and judges, to initiate criminal proceedings. (Further, there are indications in the record in Adv. No. 13-90044 (dkt. 40-1 at 4) that Totten was arrested and that he is already under investigation for bankruptcy fraud (*id.*, dkt. 42 at 27).)

2

I will DENY Ms. Landauers' request for acknowledgment and payment of her claim. "Acknowledgment" of her claim is unnecessary; she has filed a proof of claim and no one has objected to it, so the claim is deemed allowed for the time being. 11 U.S.C. § 502(a). She will receive payment on that claim in accordance with the law, to the extent that funds in the estate that are available to pay claims in the class in which Ms. Landauer's claim belongs.

I will DENY Ms. Landauer's request for turnover of estate assets for two reasons.

First, the assets she seeks are property of the bankruptcy estate, of which the trustee is the representative. A turnover order would therefore require action by the trustee. But Ms. Landauer has not named the trustee as a defendant in this adversary proceeding, so the court cannot enter an order against him.

Second, and more importantly, Totten has many creditors in addition to Ms. Landauer. Giving the estate's assets to Ms. Landauer would obviously prejudice the other creditors, particularly any creditors whose claims are senior to or on a parity with her claims.

I will DENY Ms. Landauer's request for relief from the automatic stay. Her claim is apparently a domestic support obligation ("DSO") at least in part. 11 U.S.C. § 101(14A). Therefore, she already enjoys a broad exemption from the automatic stay. 11 U.S.C. § 362(b)(2). To simplify slightly, the automatic stay imposes only one
3

U.S. Bankruptcy Court - Hawaii   #14-90005   Dkt # 17   Filed 07/11/14   Page 3 of 4

important restriction on a DSO creditor's collection actions: the DSO creditor cannot enforce its claims against property of the estate. I will not expand on the automatic stay exception and allow Ms. Landauer to proceed against estate property because the trustee should administer that property for the benefit of all creditors in the order of their priority.

A separate judgment consistent with this decision will enter forthwith.

**END OF DECISION**